**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

In re: GEORGE PATRICK SULIMA
       Debtor,

No. 09-70030-HDH7

GARY STRIPLING and LOUISE PARTEN,
f/k/a LOUISE STRIPLING,
       Plaintiffs,

vs.

Adv. Proc. No 09-07001-HDH

GEORGE PATRICK SULIMA,
       Defendant.

**DECLARATION IN SUPPORT OF
CREDITORS GARY STRIPLING AND LOUISE PARTEN'S
MOTION FOR SUMMARY JUDGMENT ON DISCHARGEABILITY**

I declare under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. § 1746), that the following statements are true:

1. I am one of the attorneys for Gary Stripling and Louise Parten in this matter.

2. I have been the lead attorney for Gary Stripling and Louise Parten in the underlying action in the State of New Mexico Eleventh Judicial District Court.

3. In connection with my work on these cases, and as the senior partner at the law firm, I am personally knowledgeable about the proceedings in all of the cases against George Sulima and Shauna, Inc., including the arbitration case.

4. Furthermore, I am familiar with the files and records of our law firm pertaining to the cases against George Sulima and Shauna, Inc. I am a custodian of those records.

5. All of the exhibits to the Motion for Summary Judgment on Dischargeability come from our files and are business records of our law firm (records of regularly conducted activity) within the meaning of the applicable federal rules of evidence, particularly rule 803(6).

They are records made and compiled, at or near the time, by persons with knowledge, which were kept in the regular course of our business activity. It was our regular practice to compile these records.

6. These records were made at or near the time of the occurrence of the matters set forth by persons with knowledge of those matters, kept in the course of regularly conducted activity and made by regularly conducted activity as a regular practice. These records are available for inspection by Mr. Sulima and his counsel, should they so request.

7. Exhibits A and B are the arbitration award, findings of fact and conclusions of law received from the Arbitrator, the Hon. William F. Riordan, former justice of the New Mexico Supreme Court. Exhibit A is the document referenced in the second paragraph 1 of Exhibit C, the Judgement [sic] Adopting Arbitration Award, wherein the Hon. Thomas J. Hynes granted our Motion to Confirm [the] Arbitration Award and he entered judgment to that effect July 23, 2008.

8. Exhibits D, E, F and G all pertain to the bankruptcy filed by Shauna, Inc. in 2004 in the United States Bankruptcy Court, District of New Mexico. Exhibit G is a true and correct copy of documents filed with the bankruptcy court, both signed by George Sulima. The last page of Exhibit G, with a sticker "Exhibit 2," is Mr. Sulima's signed (and false) assertion that numerous assets had been "pledged" to Mr. Sulima, and he sold those assets to Solitaire Holdings, LLC. Exhibit D is a true and accurate copy of documents faxed to George D. (Dave) Giddens, attorney for Shauna, Inc. The June 7 Motion to Permit Rule 2004 Examinations was filed by my partner, Susan Warren, to inquire into whether "the Sulimas have been siphoning income and assets from this corporation." See, ¶ 6. The motion specifically questioned whether Solitaire Holdings' payment to Mr. Sulima, for

assets, was proper. See ¶ 11. Shauna, Inc. immediately moved to dismiss the bankruptcy (Exhibit E), which the court granted (Exhibit F).

9. Following that dismissal we filed a new action in the Eleventh Judicial District Court on behalf of Mr. Stripling and Ms. Parten, alleging violation of the Uniform Fraudulent Transfer Act. Exhibits H and I are endorsed copies of the court's Final Judgment and its Findings of Fact and Conclusions of Law. Following a three day trial and the admission of more than 3,000 pages of evidence, the court ruled that Mr. Sulima wrongly transferred the corporate assets to himself, even though he did not personally have a lien on those assets; that he concealed the transfer; and that he intended to defraud the plaintiffs.

_____
Richard N. Feferman, Declarant