## LAW OFFICES OF
# FEFERMAN & WARREN

300 Central Avenue, S.W.
Suite 2000 East
Albuquerque, New Mexico 87102
consumer@nmconsumerwarriors.com

Richard N. Feferman
Susan M. Warren
Rob Treinen

Phone (505) 243-7773
Fax (505) 243-6663

# Facsimile Cover Sheet

**To:**       Dave Giddens

**From:**     Susan Warren

**Fax:**      271.4848

**Date:**     June 7, 2004

**Number of pages, including cover sheet:** _5_

**Re:**       Stripling v. Shauna, Inc.

**Message:**  Please find attached the Motion to Permit Rule 2004 Examinations. Please call and let me know whether you will consent to this motion. Thank you.

*Please call Ana at (505) 243-7773 if there are any problems with this transmission.*



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SHAUNA, INC.,

Debtor

No. 04-12388 MA

## Motion to Permit Rule 2004 Examinations

Creditors Gary and Louise Stripling ("Creditors") move the Court to permit them to conduct Rule 2004 Examinations of several witnesses. The trustee, Linda Bloom, does not oppose this motion. As grounds, the Striplings state:

1. Upon information and belief, the debtor has filed a Chapter 7 proceeding in bad faith.

2. Creditors Gary and Louise Stripling obtained an arbitration award against Debtor Shauna, Inc., for fraud and other claims, on March 31, 2004. (Exhibit A).

3. The next day, the debtor filed for Chapter 7 bankruptcy, but failed to list the arbitration award on Schedule F. Mr. Sulima misrepresented under oath at the 341 creditors' meeting that the bankruptcy had been filed before the arbitration award was made. He further misrepresented that no amendments to the schedules were necessary.

4. Mr. Sulima also made a misrepresentation under oath at the arbitration, before former New Mexico Supreme Court Justice William F. Riordan. Findings of Fact, #82 (Exhibit B).

5. Shauna, Inc., d/b/a Solitaire Homes went into business selling Solitaire manufactured homes in 1989. It is a closely held, family corporation, with Mr. Sulima and his wife, Shari Sulima, owning 100% of the shares of the corporation. Mr. Sulima has always been the President and worked daily at the Albuquerque lot.

6. Mr. Sulima claims that the debtor has been losing money for the past three years. Upon information and belief, Mr. Sulima's claims are not true. The Sulimas' lifestyle suggests that the Sulimas have been siphoning income and assets from this corporation. For example, the Sulimas live in a home in Tanoan, one of the most exclusive neighborhoods in Albuquerque. Their daughter attends the private Albuquerque Academy. Until at least recently, Shauna, Inc. leased a BMW for Mr. Sulima.[1] Certainly a corporation that has been losing money for three years has no basis to lease a BMW for its President.

7. In the four months preceding the filing of its bankruptcy, Shauna, Inc. spent $30,177.31 on television advertising, the most expensive form of advertising. It is possible that Shauna, Inc. was pre-paying for advertising.

8. In the four months preceding the filing of its bankruptcy, Shauna, Inc. paid one of its floor planner, Textron Financial, $ 1,148,719.50, suggesting that Shauna, Inc. was selling a large number of mobile homes during the year 2003, or was pre-paying for inventory for the new corporation, Solitaire Holdings, LLC.

9. On January 12, 2004, Shauna, Inc. paid the New Mexico Manufactured Housing Division $800.00. MHD charges a dealer for a dealer's license and annual bond. This payment suggests that Shauna, Inc obtained another dealer's bond to cover it during 2004, although Mr. Sulima claims Shauna, Inc. is out of business.

10. In the four months preceding the bankruptcy, Shauna, Inc. paid Mr. Sulima nearly $25,000.

11. Mr. Sulima claims that Shauna, Inc. sold all its assets to Solitaire Holdings, LLC. for

---

[1] Mr. Sulima claims that he has turned in the BMW. It is curious, then, why BMW Financial is not listed as a creditor, because normally there is a large early termination fee when leased vehicles are turned in early.

$350,000, and that he is now employed by Solitaire Holdings, LLC. No appraisal was performed of the assets before being sold to Solitaire Holdings. Further, the sales check was made out to Mr. Sulima personally for the sale of Shauna, Inc assets. Mr. Sulima claims that Shauna, Inc owes him money. Creditors seek to obtain proof of any such loans.

12. Barbara Duesterbeck, the manager at the Solitaire lot in Farmington, told Leo Ramirez, an inspector for MHD, that the asset sale was for $5,500,000, to be paid to Mr. Sulima over five years. Mr. Ramirez then relayed this information to Ms. Stripling. Affidavit of Louise Stripling (Exhibit C).

13. Earl Newell, an employee at the Farmington Solitaire lot, told Louise Stripling that the asset sale was for $5,500,000. Affidavit of Louise Stripling (Exhibit C).

14. It appears that there has been no change in the business operation of Solitaire Homes since Solitaire Holdings, LLC allegedly purchased it. It continues to operate all the same lots and employ all the same people, including Mr. Sulima.

15. The Striplings seek to depose and/or to obtain documents from Mr. Sulima, Ms. Sulima, Robert Lane, Shauna, Inc's accountant, and representatives of Solitaire Holdings, LLC, Textron Financial, KASA-TV, KRQE-TV, and KOAT concerning the disappearing income and assets of this corporation, the Sulimas' finances, and the alleged purchase of Shauna, Inc.'s assets by Solitaire Holdings, LLC.

16. Creditor has sought the consent of debtor's attorney to permit him to conduct these examinations, and debtor opposes this motion.

WHEREFORE, creditors pray that this Court grant their motion to conduct 2004 examinations to take testimony and to obtain documents, and to allow creditors to issue notice of those

examinations.

Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Creditors Gary and Louise Stripling

_____

300 Central Ave., SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773

## Certificate of Service

I certify that I served a copy of this motion upon counsel for the debtor, the Chapter 7 trustee, and the parties to be examined, by mailing copies, first class postage prepaid, on June \_\_\_\_\_, 2004.

_____

* * * Transmission Result Report (MemoryTX) ( Jun. 7. 2004 11:13AM ) * * *

1)  Feferman Law Offices
2)

Date/Time: Jun. 7. 2004 11:12AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1284 | Memory TX | 2714848 | P. 5 | OK | |

Reason for error
 E.1) Hang up or line fail            E.2) Busy
 E.3) No answer                       E.4) No facsimile connection

LAW OFFICES OF
**FEFERMAN & WARREN**
300 Central Avenue, S.W.
Suite 2000 East
Albuquerque, New Mexico 87102
coconsumer@nmconsumerwarriors.com

Richard N. Feferman                                    Phone (505) 243-7773
Susan M. Warren                                        Fax (505) 243-6663
Rob Treinen

### Facsimile Cover Sheet

To:      Dave Giddens

From:    Susan Warren

Fax:     271.4848

Date:    June 7, 2004

Number of pages, including cover sheet: 5

Re:      Stripling v. Shauna, Inc.

Message: Please find attached the Motion to Permit Rule 2004 Examinations. Please call and let me know whether you will consent to this motion. Thank you.

*Please call Ana at (505) 243-7773 if there are any problems with this transmission.*