Stewart Ransom Miller
Miller & Miller
9310 Esplanade Drive
Dallas, Texas 75220-5038
214-352-2132 (telephone)
214- 224-0120 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 09-70030-HDH7 |
| GEORGE PATRICK SULIMA, § | | Chapter 7 Bankruptcy |
| Debtors. § | | |
| § | | |
| § | | |
| GARY STRIPLING and LOUISE PARTEN, § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | | Adversary No. 09-07001-HDH |
| § | | |
| GEORGE PATRICK SULIMA, § | | |
| Defendant. § | | |

**BRIEF IN SUPPORT OF**
**<u>MOTION FOR SUMMARY JUDGMENT ON DISCHARGEABILITY</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

**I.    Introduction**

Creditors Gary Stripling and Louise Parten, f/k/a Louise Stripling (the "Striplings"), seek summary judgment against Debtor George Sulima, to bar discharge of the New Mexico judgment (Exhibit H) for violations of the Uniform Fraudulent Transfer Act ("UFTA"), NMSA 1978 §56-10-1 et seq. (1989). The Striplings move the Court to hold that this debt is excepted from discharge under 11 U.S.C. § 523(a)(6).

Mr. Sulima's attempt to discharge his debt to the Striplings – after engaging in fraudulent transfers, then filing bankruptcy -- "*is as blatant an abuse of the Bankruptcy Code as we can imagine*." See *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000).

## II.     Nature of the New Mexico Judgments

### A.     The Striplings' Original Judgment is for Fraud

The Striplings purchased a mobile home from Shauna, Inc., a mobile home dealership in Farmington, New Mexico. The Striplings sued Shauna, Inc. for fraud. The case was tried to an arbitrator in February, 2004. The arbitrator, Hon. William Riordan, a former New Mexico Supreme Court Justice, ruled that Shauna, Inc. committed fraud in connection with the sale of the mobile home to the Striplings. See Exhibit A, Arbitration Award, ¶ 1, 2, and 4.

George Sulima was the president and owner of Shauna, Inc.   See Exhibit B, Findings of Fact, ¶ 2. On July 23, 2004, the New Mexico District Court for the Eleventh Judicial District confirmed the Striplings' arbitration award and entered its Judgment Adopting Arbitration Award. See Exhibit C.

### B.     George Sulima Personally Participated in the Fraud During the Sale and He Lied During his Testimony at the Arbitration

In the arbitration, Justice Riordan ruled that the Shauna Inc.'s actions were "malicious, willful, reckless, wanton, and in bad faith." See Exhibit A, ¶ 3. Justice Riordan also found that Mr. Sulima personally participated in the fraud perpetrated on the Striplings. See Exhibit B, Findings of Fact, ¶¶ 40, 41, 42, 84(f), 85(A) and Conclusions of Law ¶ 2 . Justice Riordan also found that Mr. Sulima's conduct toward the Striplings was abusive. *Id.* at  ¶¶ 40 and 84(f). Justice Riordan explicitly held that Mr. Sulima lied during his trial testimony. *Id.* at ¶ 82.

### C. Mr. Sulima Previously Attempted to Abuse the Bankruptcy Code in an Effort to Discharge the Debt Owed to the Striplings

On April 1, 2004, the day after the Striplings obtained their March 31, 2004 arbitration award against Shauna, Inc., Shauna, Inc. filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of New Mexico. On June 7, 2004, the Striplings' counsel sent a letter to Shauna, Inc.'s bankruptcy attorney, seeking Shauna, Inc.'s position on a Motion to Permit Rule 2004 Examinations. See Exhibit D, facsimile dated June 7, 2004. The Striplings sought discovery concerning the sale of Shauna, Inc.'s assets to Solitaire Holdings, LLC and other suspicious financial activity of Shauna, Inc. Shauna, Inc. immediately filed its motion for voluntary dismissal, which was granted on July 15, 2004. See Exhibits E and F, Motion and Order Granting Debtor's Motion to Dismiss Case.

Later, in a suit regarding fraudulent transfer (see D below), the state court found that in Shauna, Inc.'s bankruptcy proceedings, Shauna, Inc. misrepresented the nature of certain asset transfers to Mr. Sulima. Mr. Sulima, who signed the petition, claimed that the transfers of assets was done as a foreclosure. However, Mr. Sulima had no valid liens on any of Shauna, Inc.'s assets. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Findings of Fact ¶¶ 63 and 64. George Sulima received a net total of $379,835.03 in fraudulently transferred assets from Shauna, Inc., in his effort to defraud the Striplings. Id., Findings of Fact ¶ 65. Furthermore, the petition and schedules in that Shauna, Inc. bankruptcy, listed the amount of that transfer as $350,000. However, Solitaire Holdings actually sent Mr. Sulima $421,356.26. See Exhibit 2 (last page) attached to Exhibit G, Debtor's Statement of Financial Affairs. Mr. Sulima signed both Exhibit G and Exhibit 2 to Exhibit G.

### D.     Mr. Sulima Defrauded the Striplings by Siphoning Shauna, Inc.'s Assets

At the end of 2003, shortly before the February, 2004 trial in arbitration, Shauna, Inc. transferred all of its non-cash assets to Solitaire Holdings, LLC., under an Asset Purchase Agreement. Instead of paying this money to the asset seller (Shauna, Inc.), Solitaire Holdings paid the $421,356.26 directly to George Sulima's personal bank account. (Shauna, Inc.'s bankruptcy proceedings listed the amount of that transfer as $350,000; see Exhibit 2 to Exhibit G). George Sulima also transferred hundreds of thousands of dollars of the cash assets of Shauna, Inc. to himself.

On May 15, 2006, the Striplings filed a separate lawsuit under the Uniform Fraudulent Transfer Act seeking to collect their 2004 judgment from George Sulima personally[1]. Following trial, on May 6, 2008, the New Mexico Eleventh Judicial District Court entered its Final Judgment and Order, in favor of the Striplings against George Sulima for violations of the UFTA[2]. See Exhibit H, Final Judgment and Order. The 2008 judgment allows the Striplings to collect their 2004 judgment against Shauna, Inc. from George Sulima personally. *Id.* The Court held that George Sulima, as a corporate officer of Shauna, Inc., transferred the essential assets of Shauna, Inc. to Mr. Sulima's personal accounts with intent to defraud the Striplings. *Id.* at ¶¶ 3 and 4.

The Eleventh Judicial District Court entered Findings of Fact and Conclusions of Law. See Exhibit I. The Court found that GGeorge Sulima was the president and general manager of Shauna, Inc., and the only signatory on its checking accounts. Id., Findings of Fact ¶¶ 12, 14, and 15. The Court found that Solitaire Holdings, LLC, another defendant in the lawsuit, paid $236,764.50 to

---

[1] In *Stripling v. Shauna, Inc. et al.* (District Court of San Juan County, Case No CV 2006-625-3), the Striplings also named Shari Sulima, George Sulima's wife and a co-owner of Shauna, Inc., as a defendant.

[2] The 2008 judgment is also against Shauna, Inc. and Shari Sulima.

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON DISCHARGEABILITY - Page 4 of 12 Pages**

George Sulima personally, for money that it owed to Shauna, Inc. It found that Mr. Sulima deposited the money into his personal bank account. Id., Findings of Fact ¶¶ 39 and 40. The Court also found that in 2003 and 2004, Mr. Sulima wrote checks payable to himself from Shauna Inc.'s corporate accounts, totaling $189,200. Id., Conclusions of Law ¶ 6.

George Sulima concealed these transfers from the Striplings and other creditors of Shauna, Inc. Id., Findings of Fact ¶ 62. The Court also found that during Shauna, Inc.'s bankruptcy proceedings, Shauna, Inc. misrepresented the nature of the asset transfers to the Bankruptcy Court as a foreclosure, despite the fact that Mr. Sulima had no valid liens on any of Shauna, Inc.'s assets. Id., Findings of Fact ¶¶ 63 and 64. George Sulima signed those bankruptcy filings. George Sulima receive a net total of $379,835.03 in fraudulently transferred assets from Shauna, Inc., in his effort to defraud the Striplings. Id., Findings of Fact ¶ 65.

In its Conclusions of Law, the Court held that "[maintaining the legal fiction of Shauna, Inc. as a separate legal entity from the SULIMA would promote injustice." *Id*. at Conclusions of Law ¶6. George Sulima should be held accountable for the fraud that he perpetrated on the Striplings through his ownership and operation of Shauna, Inc., and his siphoning of its assets.

### III.     Undisputed Facts

1.  Shauna, Inc. defrauded the Striplings in connection with the sale of a mobile home. See Exhibit A, Arbitration Award, ¶ 1, 2, and 4; see also Exhibit B, Judgment Adopting Arbitration Award.

2.  Shauna Inc.'s actions were "malicious, willful, reckless, wanton, and in bad faith." See Exhibit A, Arbitration Award, ¶ 3.

3.  Mr. Sulima personally participated in the fraud perpetrated on the Striplings in connection

with the sale of the mobile home. See Exhibit C, Findings of Fact, ¶¶ 40, 41, 42, 84(f), 85(A) and Conclusions of Law ¶ 2 .

4. Mr. Sulima's conduct toward the Striplings was abusive. See Exhibit C, Findings of Fact, ¶¶ 40 and 84(f).

5. Mr. Sulima lied during his trial testimony at the 2004 arbitration. See Exhibit C, Findings of Fact, ¶ 82.

6. The Striplings obtained an arbitration award against Shauna, Inc. for fraud. See Exhibit A, Arbitration Award, ¶ 1, 2, and 4; see also Exhibit B, Judgment Adopting Arbitration Award.

7. On July 23, 2008, the New Mexico Eleventh Judicial District Court entered its judgement against Shauna, Inc., in favor of the Striplings, adopting the 2004 arbitration award. See Exhibit B, Judgment Adopting Arbitration Award.

8. George Sulima was the president and general manager of Shauna, Inc., and the only signatory on its checking accounts. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Findings of Fact ¶¶ 12, 14, and 15.

9. George Sulima, as a corporate officer of Shauna, Inc., transferred the assets of Shauna, Inc. to Mr. Sulima's personal accounts with intent to defraud the Striplings. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Conclusions of Law ¶¶ 4 and 5.

10. George Sulima concealed these transfers from the Striplings and other creditors of Shauna, Inc. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 62.

11. George Sulima fraudulently transferred a net total of $379,835.03 of Shauna, Inc.'s assets to himself, with intent to defraud the Striplings. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 65.

12. Maintaining the legal fiction of Shauna, Inc. as a separate legal entity from George Sulima would promote injustice. See Exhibit I, Conclusions of Law ¶ 6.

13. The 2008 judgment allows the Striplings to collect their 2004 judgment for fraud against Shauna, Inc. from George Sulima personally. See Exhibit H, Final Judgment and Order.

### IV. The New Mexico State Court 2008 Judgment Establishes the Facts Needed to Decide Whether the Judgment is Dischargeable

#### A. Collateral Estoppel Applies to the Factual Findings of the New Mexico Court for the Eleventh Judicial District

Collateral estoppel applies in bankruptcy court actions to determine the dischargeability of a debt. *In re Keaty*, 397 P.3d 264, 270 (5th Cir Ct. App. 2005); see also *In re Shore*, 317 B.R. 536, 541 (10th Cir. BAP 2004). Whether a judgment is given preclusive effect in a dischargeability action is determined by applying the preclusion law of the jurisdiction where the prior action occurred. *In re Keaty* at 270; see also *In re Shore* at 541. Here, the judgment against Mr. Sulima was entered by the New Mexico Eleventh Judicial District Court. The collateral estoppel law of the State of New Mexico controls this Court's determination on whether the New Mexico state court judgment has preclusive effect in this dischargeability proceeding.

#### B. New Mexico Law on Collateral Estoppel Precludes Relitigation of the Facts Applicable to the Striplings Nondischargeability Complaint.

Generally, New Mexico case law holds that the doctrine of "collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit." *State v. Silva*, 106 NM 472, 474 (S. Ct. 1987). The cause of action in the first suit need not be identical to the

cause of action in the second suit. *Id.* New Mexico courts apply a four part test in deciding whether the application of collateral estoppel is appropriate:

(1) the party to be estopped was a party or privy to the prior proceeding,
(2) the cause of action in the present case is different from the cause of action in the prior proceeding,
(3) the issue was actually litigated in the prior proceeding, and
(4) the issue was necessarily determined in the prior proceeding.

*Rex, Inc. v. Manufactured Hous. Comm. for N.M.*, 134 N.M. 533, 536 (Ct. App. 2003).

The Striplings 2008 judgment against Mr. Sulima allows them to collect, from Mr. Sulima personally, their 2004 judgment against Shauna, Inc.. See Exhibit H, Final Judgment and Order. Mr. Sulima was a party to the Striplings' UFTA action. Mr. Sulima was privy to the Striplings original action against Shauna Inc. See Exhibit C, Findings of Fact, ¶¶ 40, 41, 42, 82, 84(f), 85(A) and Conclusions of Law ¶ 2 . Moreover, there is no longer a legal distinction between Shauna, Inc. and Mr. Sulima, because maintaining the legal fiction of corporate separateness would promote injustice. See Exhibit I, Court's Findings of Fact and Conclusions of Law, Conclusions of Law ¶ 6. Both lawsuits were fully litigated and vigorously contested by Mr. Sulima.

Mr. Sulima, through his wilful and malicious conduct, intended to cause harm to the Striplings. See Exhibit C, Findings of Fact, ¶¶ 40, 41, 42, and 84(f), 85(A) and Conclusions of Law ¶ 2; see also Exhibit A, Arbitration Award, ¶ 3; see also Exhibit I, Court's Findings of Fact and Conclusions of Law, Findings of Fact ¶ 65, and Conclusions of Law ¶¶ 4 and 5.

Therefore, the factual issues applicable to the nondischargeability of the Striplings judgment against Mr. Sulima were necessarily determined. The doctrine of collateral estoppel precludes Mr. Sulima from relitigating the factual issues decided in the Striplings' prior actions. .

## V. The Facts Established by the New Mexico Court Judgments Are Dispositive for the Dischargeability Issue

Under 11 U.S.C. § 523(a)(6), a debt that results from a "willful and malicious injury by the debtor" is not entitled to discharge. Here, the New Mexico Court for the Eleventh Judicial District's judgment establishes that Mr. Sulima acted with intent to defraud the Striplings, violating the Striplings' rights as creditors under the UFTA. Moreover, in the arbitration, Justice Riordan ruled that Mr. Sulima personally participated in the fraud perpetrated upon the Striplings in connection with the sale of the mobile home. In the arbitration, Justice Riordan also ruled that Shauna Inc.'s actions were "malicious, willful, reckless, wanton, and in bad faith." Further, the New Mexico Eleventh Judicial District Court held that maintaining the legal fiction of Shauna, Inc. as a separate legal entity from George Sulima would promote injustice. These facts are dispositive for this dischargeability proceeding.

## VI. Judgments For Fraudulent Transfers Are Excepted From Discharge Under § 523(a)(6)

Judgments for violations of the Uniform Fraudulent Transfer Act are excepted from discharge under § 523(a)(6). *In re Shore*, 317 B.R. 536 (10th Cir. BAP 2004). The Tenth Circuit Bankruptcy Appellate Panel affirmed a bankruptcy court order granting the judgment creditor's motion for summary judgment on a complaint to determine the dischargeability of a UFTA judgment. *In re Shore*, 317 B.R. at 539.

Glen Fredric Shore ("Shore") was the officer and director of Allen Quality Foods, Inc. ("Allen") and Central Processing Inc. ("Central"). *In re Shore*, 305 B.R. 559, at 563 (Bankr. D. Kan. 2004). McCain Foods USA, Inc. ("McCain") was a creditor of Allen. *Id.* McCain sued Shore and Central for violations of the Kansas UFTA. *Id.* at 564. The state court held that Shore's transfers

of Allen's assets to himself and Central were made with actual intent to hinder, delay, or defraud creditors, in violation of the Kansas UFTA. *Id.*

Shore declared bankruptcy, and McCain filed an adversarial complaint to determine the dischargeability of the debt. *Id.* at 562. The bankruptcy court had held that the judgment for violations of the UFTA established all the elements of the McCain's §523(a)(6) claim. *Id.* at 571. In holding so, the bankruptcy court stated that:

> "McCain obtained a state court judgment against Shore for violations of the [UFTA], thereby effectively determining that Shore acted with '*actual intent to hinder, delay or defraud*' McCain. It is this judgment debt that McCain seeks to except from discharge.
>
> By operation of collateral estoppel, this Court concludes as a matter of law that Shore's actions were done with actual intent to defraud McCain and that McCain was injured, ***thereby dictating the conclusion that Shore did wilfully and maliciously injure McCain's economic interests. Shore's debt to McCain should be excepted from discharge under §523(a)(6).***"

*Id.* (emphasis added)(footnotes omitted).

On appeal, the Bankruptcy Appellate Panel, affirming the bankruptcy court's decision, held that facts established in the state court proceedings concerning the intent element of the UFTA claim, precluded the bankruptcy court from re-litigating the judgment debtor's intent in the adversarial proceedings concerning the nondischargeability of the UFTA judgment. The same result should follow here.

The United States Court of Appeals for the Seventh Circuit has noted that fraudulent transfers, followed by the transferee filing bankruptcy, ***"is as blatant an abuse of the Bankruptcy Code as we can imagine***." *McClellan v. Cantrell*, 217 F.3d 890, 893 (2000).[3] Further, in the

---

[3]In *McClellan v. Cantrell* the analysis of Chief Judge Posner concerns nondischargeability under § 523(a)(2)(A). See *id.* However, Chief Judge Posner notes that a debt of the transferee of a fraudulent transfer is also nondischargeable under § 523(a)(6). *Id.* at 896. In the concurring opinion, Circuit Judge Tripple states that

concurring opinion, Circuit Judge Tripple states that **"§ 523(a)(6) requires an exception to the discharge of this debt."** *Id.* at 899.

The Fifth Circuit, too, has held that a bankrupt debtor may be personally liable for a non-dischargeable debt arising out of his own misrepresentations that benefitted his company. The court found Mr. Morrison was personally liable for the debt under two theories: (1) Texas common law, which holds a corporate agent liable for his misrepresentations made on behalf of the corporation; and (2) Texas corporate statutes, which authorizes "veil piercing" shareholder liability. *In the Matter of: David Wilson Morrison v. Western Builders of Amarillo, Inc.*, 555 F.3d 473, 477 (5th Cir. 2009). The difference between Mr. Morrison's case and Mr. Sulima is that the bankruptcy court (not the state court) actually tried the substantive issues, and that difference is insignificant.

## VII. Conclusion

The Court should grant summary judgment on the adversary complaint and hold that the New Mexico Eleventh Judicial District's judgment is excepted from discharge under § 523(a)(6).

---

"§ 523(a)(6) provides a far more direct avenue" for dealing with the nondischargability of the debt. *Id.* at 896.

Dated: July 31, 2009.

        Respectfully submitted,

/S/ Stewart Ransom Miller
MILLER & MILLER
Stewart Ransom Miller
9310 Esplanade Dr.
Dallas, TX 75220
(214) 352-2132 phone
(214) 722-1010
Attorney for Gary Stripling and Louise Parten

Feferman & Warren
Richard N. Feferman
Charles Parnall
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773 phone
Attorney for Gary Stripling and Louise Parten