Monte J. White and Associates
Monte J. White
1106 Brook Ave, Hamilton Place
Wichita Falls, TX 76301
(940)723-0099
(940)723-0096 Fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| George Patrick Sulima | § | Case No. 09-70030-hdh7 |
| | § | |
| DEBTORS | § | |

_____

| | | |
|---|---|---|
| Gary Stripling and Louise Parten | § | |
|     Plaintiff, | § | Adversary No. 09-07001-hdh |
| | § | |
| v | § | |
| George Patrick Sulima | § | |
| | § | |
|     Defendant(s) | § | |

DEFENDANT'S RESPONSE TO COMPLAINT FOR
NONDISCHARGEABILITY OF DEBT UNDER 11 USC §523

TO THE HONORABLE JUDGE OF SAID COURT:

    Comes now Debtor in the above-titled cause and files this Response to Complaint Objecting to Dischargeability of Indebtedness.

    On May 25, 2009, Attorney for Gary Stripling and Louise Parten, Plaintiffs, Stewart Ransom Miller, filed a Complaint Objecting to Dischargeability of Indebtedness and in response thereto, Debtor would show the following:

JURISDICTION/CORE PROCEEDING

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Denied. The Court made no finding that Mr. Sulima violated the New Mexico Uniform Fraudulent Transfer Act ("UFTA").
6. Denied. Mr. Sulima's debt to the Striplings is not the result of any fraudulent conduct on his part as described by 11 USC 523(a)(6), and therefore is dischargeable.

7. Denied. The Striplings' judgment against Mr. Sulima did not establish any of the elements of the Striplings' §523(a)(6) claim.

## BACKGROUND/FACTS

8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted that the Arbitrator so found.
13. Denied. The Court, in its Judgment, entered no finding of fraud against Mr. Sulima.
14. Denied.
15. Denied.
16. Admitted.
17. Admitted.
18. Admitted.
19. Admitted.
20. Admitted.
21. Admitted.
22. Admitted.
23. Denied. Some of Shauna Inc.'s, assets were used to pay debt owed to Solitaire Holdings, LLC, Diamond Transport, Inc., Solitaire Transport Co., and a partial payment of Shauna Inc.'s debt owed to George Sulima was made.
24. Admitted.
25. Admitted. Payments made by Shauna Inc. to George Sulima were in partial payment of debt owed.
26. MONTE
27. Denied. Any transfers made to George Sulima by Shauna Inc., were made as payments on debt owed.
28. Denied. The New Mexico Eleventh Judicial District Court entered its Judgment against Shauna Inc. for violations of the UFTA, but the court specifically did not enter a finding of any violation of the UFTA against George Sulima personally, even though the Striplings plead for such specific relief.
29. Admitted.
30. Denied. The Court made no finding of fraud against George Sulima, however the Court's Judgment does find Mr. Sulima jointly and severally liable for the payment of the debt.

31. Denied.  There was no such finding in the Court's Judgment, however the Court did find Mr. Sulima jointly and severally liable for the payment of the debt.

## CLAIM FOR RELIEF:

## DECLARATION OF NONDISCHARGEABILITY UNDER 11 U.S.C. §523(A)(6)

32. Denied.  The Court previously ruled in its Judgment of May 6, 2008, that Shauna Inc., committed fraud, however the Court declined to make the same finding against George Sulima personally, although vigorously pled and pursued by the Striplings.

33. Denied.  Mr. Sulima never willfully and/or maliciously injured the Striplings and the Court did not find any intent by Mr. Sulima to defraud the Striplings.  The Striplings pled for the Court to find that George Sulima " violated the UFTA with the actual intent to hinder, delay, or defraud Plaintiffs."  The Court declined to do so in its Judgment rendering such findings res judicata upon this Court and Plaintiffs should be held to be collaterally estopped from seeking yet another ruling on this already highly litagated issue of fraud against George Sulima.

WHEREFORE, PREMISES CONSIDERED, Debtor prays that this Complaint be denied in all respects, that the Court award reasonable and necessary attorney fees for the defense of this Complaint and for such other and further relief to which they may be entitled.

Respectfully submitted,

/s/Monte J. White
Attorney for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response to Complaint Objecting to Dischargeability of Indebtedness. was served by ECF and/or mailed on September 14, 2009, to the following as indicated:

/s/Monte J. White
Attorney for Debtors

Attorneys for Plaintiff:        Stewart Ransom Miller
                                Miller & Miller
                                9310 Esplanade Drive
                                Dallas, TX 75220-5038

                                Feferman & Warren
                                300 Central S.W. Ste 2000
                                Albuquerque, NM 87102

| | |
|---|---|
| Trustee: | Chapter 13 Trustee<br>Walter O'Cheskey<br>2575 S. Loop 289 Ste. 103<br>Lubbock, TX  79423 |
| | U.S. Trustee<br>William T. Neary<br>1100 Commerce Street, Room 9-C-60<br>Dallas, TX 75242 |
| Debtor: | George Patrick Sulima<br>3001 Kemp Blvd<br>Apt #1215<br>Wichita Falls, TX 76308 |