Monte J. White and Associates
Monte J. White
1106 Brook Ave, Hamilton Place
Wichita Falls, TX 76301
(940)723-0099
(940)723-0096 Fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| George Patrick Sulima, | § | Case No. 09-70030-hdh7 |
|     Debtor | § | Chapter 7 Bankruptcy |
| Gary Stripling and Louise Parten, | § | |
|     Plaintiffs | § | Adversary No. 09-07001-hdh-7 |
| vs. | § | |
| George Patrick Sulima, | § | |
|     Defendant. | § | |

BRIEF IN RESPONSE TO
MOTION FOR SUMMARY JUDGMENT ON DISCHARGEABILITY

TO THE HONORABLE JUDGE OF SAID COURT:

**I.  Introduction**

Creditors, Gary Stripling and Louise Parten, f/k/a Louise Stripling (the "Striplings"), seek summary judgment against Debtor, George Sulima, to bar discharge of the New Mexico judgment against Shauna, Inc. (Exhibit H) for violations of the Uniform Fraudulent Transfer Act ("UFTA"), NMSA 1978 §56-10-1 et seq. (1989). Debtor moves the Court to hold that this debt is not excepted from discharge under 11 U.S.C. § 523(a)(6) as there was no finding of fraud in the judgment against Debtor, but rather only a finding of fraud against Shauna, Inc.

**II.  Nature of the New Mexico Judgments**

    A.  The Striplings' Original Judgment is for Fraud Against Shauna, Inc.

        1.  The Striplings' original judgment is for fraud, but the finding is against Shauna, Inc. only. Neither George nor Shari Sulima is found to be personally guilty of fraud in the Court's ruling.

        2.  Plaintiff refers to "Exhibit B", Finding of Facts, however, erroneously states that it says George Sulima was president and owner of Shauna, Inc. The Finding of Facts only states that George Sulima was president of Shauna, Inc.

    B. George Sulima Personally Participated in the Fraud During the Sale and He Lied During his Testimony at the Arbitration

        1. Plaintiff refers to Justice Riordan's ruling, Plaintiff's Exhibit A, against Shauna Inc.'s actions. A ruling against Shauna, Inc. is irrelevant to the issue at hand which is a dischargeability action against George Sulima personally.

        2. Plaintiff refers to Exhibit B, Finding of Fact, ¶¶ 40, 41, 42, 84(f), 85(A) of and Conclusions of Law. None of these paragraphs affirm fraud against George Sulima and are therefore irrelevant to the proceeding at hand.

    C. Mr. Sulima Attempted to Abuse the Bankruptcy Code in an Effort to Discharge the Debt Owed to the Striplings

        None of Plaintiff's allegations in this section are relevant under the doctrine of Collateral Estoppel to whether Mr. Sulima personally committed fraud against the Striplings or whether the debt owed to them is non-dischargeable under §523(a)(6) of the Bankruptcy Code.

    D. Mr. Sulima Defrauded the Striplings by Siphoning Shauna, Inc's Assets

        1. None of Plaintiff's allegations in this section are relevant under the doctrine of Collateral Estoppel to whether Mr. Sulima personally committed fraud against the Striplings or whether the debt owed to them is non-dischargeable under §523(a)(6) of the Bankruptcy Code.

        2. Plaintiff's Exhibit H, the New Mexico Eleventh Judicial District Court's Final Judgment and Order dated May 6, 2008, found in favor of the Striplings against Shauna, Inc., not George Sulima, for violations of the UFTA. It is undisputed that the judgment allows the Striplings to collect on the judgment against Shauna, Inc. from George Sulima, however there was no finding that Mr. Sulima personally violated the UFTA with intent to hinder, delay or defraud the plaintiffs. The Court made no such finding against George Sulima or Shari Sulima, personally, although pled and requested by Plaintiffs.

**III.**    **Response to Undisputed Facts**

    A. Plaintiff's ¶¶ 1, 2, 6, and 7 of this section, all address the judgment the Striplings obtained against Shauna, Inc., and therefore are not relevant to whether Mr. Sulima personally committed fraud against the Striplings or whether the debt owed to them is non-dischargeable under §523(a)(6) of the Bankruptcy Code.

    B. Paragraph 3 of this section is referring to Exhibit C, which is the Judgment Adopting Arbitration Award, not the Findings of Fact. If Plaintiff's intent was to refer to Exhibit

  B, neither the Findings of Fact nor Conclusions cited states that Mr. Sulima personally participated in fraud against the Striplings.

C. Plaintiff's ¶¶ 4, 5, 8, 9, 10, 11, 12, 13, are all irrelevant under the doctrine of Collateral Estoppel to whether Mr. Sulima personally committed fraud against the Striplings or whether the debt owed to them is non-dischargeable under §523(a)(6) of the Bankruptcy Code. Further, paragraph 11, misstates that it is a fact that George Sulima fraudulently transferred Shauna Inc.'s assets with intent to defraud the Striplings. There was no such finding in any Judgment or Order.

**IV. The New Mexico State Court 2008 Judgment Establishes the Facts Needed to Decide Whether the Judgment is Dischargeable**

A. Collateral Estoppel Applies to the Factual Findings of the New Mexico Court for the Eleventh Judicial District

  Defendant does not deny the applicability of the doctrine of collateral estoppel in bankruptcy court actions to determine the dischargeability of a debt, but rather upholds that position as cited by Plaintiff. Defendant, George Sulima, however does deny any judgment having been entered finding that Mr. Sulima personally violated the UFTA with intent to hinder, delay or defraud the plaintiffs. Here, the New Mexico Court made no such finding against George Sulima or Shari Sulima personally, although pled and requested by Plaintiffs, therefore this Court is collaterally estopped from finding so at this juncture.

B. New Mexico Law on Collateral Estoppel Precludes Relitigation of the Facts Applicable to the Stripling Nondischargeability Complaint

  1. Defendant agrees that under New Mexico case law, the doctrine of Collateral Estoppel bars relitigation of ultimate facts or issues necessarily decided in a prior suit.

  2. Plaintiff is correct in stating that all factual issues applicable to the nondischargeability of Mr. Sulima's debt to the Striplings were necessarily determined previously by the New Mexico Eleventh Judicial District Court's Final Judgment and Order dated May 6, 2008. That Court specifically declined, when asked for clarification, to find that Mr. Sulima personally violated the UFTA with intent to hinder, delay or defraud the plaintiffs. The doctrine of collateral estoppel precludes the relitigation the factual issues decided in the prior State Court action, therefore, this Court is collaterally estopped from such a finding now.

    **V.**    **The Facts Established by the New Mexico Court Judgments Are Dispositive for the Dischargeability Issue**

1. The Final Judgment And Order (Exhibit H) finds only that Shauna, Inc. violated UFTA with intent to hinder, delay or defraud the plaintiffs, Shauna, Inc.'s creditors. At the hearing conducted on January 17, 2008, upon which that judgment is based, the Court specifically refused to find that Debtor, George Sulima, intended to defraud, hinder or delay.

2. A full state-court record will not always or even often be required for the bankruptcy court to apply issue preclusion. See In re Davis, 3 F.3d 113, 114-115 (5th Cir. 1993). Attached hereto and incorporated herein by reference as if fully set forth verbatim herein is Defendant's Exhibit J, which is a transcript of the very end of the hearing conducted on January 17, 2008 that resulted in the Final Judgment and Order (Exhibit H). In relevant part, on Page 2 & 3 of Exhibit J:

THE COURT: Okay. Anything further I need to rule on to clarify the record?

MR. FEFFERMAN: The only other thing I would just ask –

MR. CHAVEZ: Yes, Your Honor, there is one other thing.

MR. FEFFERMAN: Go ahead.

MR. CHAVEZ: And that is, I'd like to renew my argument for the record that the judgment as Shari Sulima, which shouldn't be (Inaudible), with regard to the finding of fraud, that there was no intent, no actual intent by Mrs. Sulima to do anything, because she was not involved in any of the transfers.

THE COURT: Again, Mr. Chavez, I'm going to go with the previous ruling, in that it's a corporation; they're doing this as a result, or at least it appears to the Court that this money went into joint accounts accessed by family, again –

MR. CHAVEZ: Well, I'm sorry, let me stop you there, because I think that the intent is of the transferee, the one who receives, and the transferor. The transferor is the corporation. Certainly you can find that there's intent there. There's evidence, the Court said that there

was evidence of that. There's the transferee the people who received it, is both George Sulima and his wife, had the intent to receive it, but there's no evidence that Shari had the intent to receive it. So I think to that, as Shari Sulima, as an individual receiving assets from a corporation.

    THE COURT: Mr. Fefferman, you may respond.

    MR. FEFFERMAN: I would just note on the 56-10-18-A, the question is what – it says this transfer is made, et cetera, if the debtor made this transfer, incurred this obligation, number one, with intent, actual intent to hinder. So it's the debtor, which was Shauna, Inc.'s intent that is considered, not Mr. Sulima or Mrs. Sulma's intent.

    THE COURT: Yes, I concede.

    MR. FEFFERMAN: Yeah.

    THE COURT: And I did find that the company, Shauna, Inc., intended to defraud, to hinder delay, or defraud.

The Court conceded that she was finding that Shauna, Inc. intended to hinder, delay, or defraud the Striplings and did not find that the Debtor intended to hinder, delay, or defraud the Striplings. The Judgment itself (Exhibit H) only recites that "Shauna, Inc. violated the Uniform Fraudulent Transfer Act with intent to hinder, delay or defraud the plaintiffs, Shauna, Inc.'s creditors," which is exactly what she ruled from the bench at the conclusion of the hearing on January 17, 2008. The failure to find fraud on behalf of the creditor, although fraud was specifically pled, prayed for, and fully litigated, exonerates Mr. Sulima from an affirmative finding of fraud. The Court made that clear at the conclusion of the hearing, and it is clear in the Final Judgment and Order springing forth collateral estoppel as to any other consideration of this matter that has already been ruled upon.

Defendant agrees that facts established by the New Mexico Court Judgments are dispositive for the dischargeability issue. All factual issues applicable to the nondischargeability of Mr. Sulima's debt to the Striplings were necessarily determined previously by the New Mexico Eleventh Judicial District Court's Final Judgment and Order dated May 6, 2008. That Court specifically declined, when asked for clarification, to find that Mr. Sulima personally violated

the UFTA with intent to hinder, delay or defraud the plaintiffs. The doctrine of collateral estoppel precludes the relitigation the factual issues decided in the prior State Court action, therefore, this Court is collaterally estopped from such a finding now.

VI. **Judgments for Fraudulent Transfers Are Excepted From Discharge Under §523(a)(6)**

Defendant does not dispute nondischargeability under §523(a)(6) for the violation of the UFTA. §523 (a)(6) bars discharge of an individual from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity". An enormous difference exists between this case and the Morrison Case that Plaintiff cites, *In the Matter of: David Wilson Morrison v. Western Builders of Amarillo, Inc., 555 F.3d 473, 477 (5th Cir. 2009)*, in that the New Mexico State Court, rather than the Bankruptcy Court, has already tried the substantive issues and has specifically declined to find that Mr. Sulima personally violated the UFTA with intent to hinder, delay or defraud the plaintiffs. The doctrine of collateral estoppel precludes the relitigation the factual issues decided in the prior State Court action, therefore, this Court is collaterally estopped from such a finding now.

VII. **Conclusion**

The Court should deny the Motion for Summary Judgment on the adversary complaint, dismiss the pending Complaint for Nondischargeability of Debt Under 11 USC §523 and uphold New Mexico Eleventh Judicial District's specific declination to find that Mr. Sulima personally violated the UFTA with intent to hinder, delay or defraud the Striplings

Respectfully submitted,

/s/Monte J. White
State Bar No. 00785232
Monte J. White & Associates, P.C.
1106 Brook Ave, Hamilton Place
Wichita Falls, TX 76301
(940)723-0099
legal@montejwhite.com
Attorney for Defendant, George Sulima

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by ECF and/or mailed on October 19, 2009, to the following as indicated:

/s/Monte J. White
Attorney for Defendant George Sulima

| | |
|---|---|
| Attorney for Plaintiffs: | Miller & Miller<br>Stewart Ransom Miller<br>9310 Esplanade Dr.<br>Dallas, TX 75220 |
| Attorney for Plaintiffs: | Feferman & Warren<br>Richard N. Feferman<br>Charles Parnall<br>300 Central Ave., SW, Suite 2000 East<br>Albuquerque, NM 87102 |
| Trustee: | Chapter 7 Trustee<br>Shawn K. Brown<br>PO Box 93749<br>Southlake, TX 76072<br><br>U.S. Trustee<br>William T. Neary<br>1100 Commerce Street, Room 9-C-60<br>Dallas, TX 75242 |
| Defendant: | George Patrick Sulima<br>906 Hurl Dr.<br>Pittsburgh, PA 15236 |